## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA, | * |  |
| Plaintiff, | * |  |
| vs. | * | CR. NO. 05-20060-MI/V |
| PROFESSIONAL MOBILE | * |  |
| CLEANING, INC., | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

05 MAR -1 PH 5: 00

L.. R. DI TROLD
CLERK, U.S. DIST. CT.
W/D. OF TN. MEMPHIS

### PLEA AGREEMENT

The United States of America ("United States") and Professional Mobile Cleaning, Inc., the defendant in this action, hereby agree to the following terms, conditions and understandings:

1. The defendant agrees to enter a plea of guilty to a one count information charging it with a misdemeanor violation of the Refuse Act, see 33 U.S.C. § 407. The parties agree that 33 U.S.C. § 407 is a strict liability offense that encompasses both intentional and unintentional conduct and that a violation of this section is a Class A misdemeanor. The parties stipulate to the factual basis for the plea in this case as set forth in the "Agreed upon Basis in Fact," a copy of which is attached hereto and made a part hereof as Attachment A.

2.   The parties hereto agree that the defendant will pay a fine of $1,000.00 to the United States and make all the payments set forth in Paragraph 3, below.  The parties further agree that pursuant to Fed. R. Crim. P. 11(c)(1)(C), this provision shall be binding on the district court in the event it accepts this plea agreement.  Subject to Paragraph 3, below, the United States agrees that it will not seek a restitution order with respect to the misdemeanor offense charged in the one count information.

3.   In addition to the fine set forth in Paragraph 2, above, the defendant also agrees, in lieu of paying a higher fine to the United States, to do the following as a condition of this plea agreement:

a.   Within fourteen (14) days of the defendant's entry of the plea of guilty to the one count information, the defendant will make the following payments to the listed agencies of the State of Tennessee:

i.   A payment of $20,000.00 (twenty thousand dollars) to the Tennessee Wildlife Resources Agency, made payable to "Tennessee Wildlife Resources Agency Budget No. 1100."

ii.   A payment of $20,000.00 (twenty thousand dollars) to the Tennessee Department of Conservation and the Environment.

iii.   A payment of $20,000.00 (twenty thousand dollars) to the Tennessee Bureau of Investigation.

iv. A payment of $20,000.00 (twenty thousand dollars) to the Tennessee Attorney General's Office.

b. Within fourteen (14) days of the defendant's entry of the plea of guilty to the one count information, the defendant will make a payment of $140,000.00 (one hundred forty thousand dollars) to the United States Postal Service. This sum represents a payment of $70,000.00 (seventy thousand dollars) which shall reimburse the United States Postal Service's Office of Inspector General for the cost of investigating the violation in this case, and $70,000.00 (seventy thousand dollars) restitution to the United States Postal Service for the defendant's (and certain affiliated companies') failure to comply with the environmental provisions of certain contracts between Fleetwash, Inc., and the United States Postal Service under which Fleetwash, Inc., was responsible for cleaning postal service vehicles in the Memphis and Knoxville, Tennessee areas and the Atlanta, Georgia area.

The parties agree that the payments described in this paragraph are a material term of the parties' agreement, and that the defendant's failure to comply with all the terms of this paragraph shall constitute a material breach of the parties' agreement. The parties also agree that a material breach of this agreement by the defendant shall absolve the government of all its obligations thereunder.

-3-

4.   The United States agrees that entry of a plea of guilty to the one count information and payment of the fine and other amounts specified herein, will resolve any federal criminal and civil liability on the defendant's part and that of Fleetwash, Inc., as a result of the their participation in a contract for washing of postal service vehicles in Memphis, Tennessee, and Knoxville, Tennessee, areas and the Atlanta, Georgia, area during the period beginning in January, 2003, and ending February 28, 2005.

5.   The parties agree that in the event the district court rejects this plea agreement, the defendant may withdraw its plea pursuant to Fed. R. Crim. P. 11(d).   In the event the defendant withdraws its plea pursuant to this provision, none of the terms contained herein shall be binding upon either party.

6.   The defendant waives any right to a Presentence Report and the parties agree that sentencing can proceed when the plea of guilty to the information is entered.

-4-

The undersigned parties do hereby consent and agree to the terms herein this **28th** day of February, 2005.

Joseph C. Murphy, Jr.
Assistant U.S. Attorney
Western District of Tennessee


Matthew T. Morris
Assistant U.S. Attorney
Eastern District of Tennessee


Susan Coppedge
Assistant U.S. Attorney
Norther District of Georgia


Allen T. Malone, Esq.
Attorney for Defendant
 Professional Mobile Cleaning, Inc.


Nathan A. Bicks, Esq.
Attorney for Defendant
 Professional Mobile Cleaning, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|         Plaintiff, | * | |
| vs. | * | CR. NO. _____ |
| PROFESSIONAL MOBILE | * | |
|  CLEANING, INC., | * | |
|         Defendant. | * | |

## AGREED UPON BASIS IN FACT

The parties hereto, by and through undersigned counsel, stipulate to the following facts:

1.  Between 2003 and 2005, the defendant, Professional Mobile Cleaning, Inc., provided equipment used by an affiliate company to clean trucks operated by the United States in the Knoxville and Memphis, Tennessee areas and the Atlanta, Georgia area.

2.  On or about April 2, 2003, the affiliate company was washing Postal Service vehicles at a Postal Service facility in Memphis, Tennessee. On that date, as the result of the malfunction of certain equipment utilized in the truck cleaning process and other inappropriate procedures, wash water and detergent were improperly allowed to be discharged directly into the City of Memphis' storm sewer system, which empties directly into the Mississippi River.



EXHIBIT

A

3.    The Mississippi River is a navigable waterway of the United States.

Executed this **28ᵀᴴ** Day of ~~February~~ _____, 2005, at Memphis, Tennessee.

Joseph C. Murphy, Jr.
Assistant U.S. Attorney
Western District of Tennessee

Allen T. Malone, Esq.
Attorney for Defendant
 Professional Mobile Cleaning, Inc.

Nathan A. Bicks, Esq.
Attorney for Defendant
 Professional Mobile Cleaning, Inc.

-2-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
case 2:05-CR-20060 was distributed by fax, mail, or direct printing on
March 2, 2005 to the parties listed.

US Pretrial Office
Memphis, TN

US Marshals
Memphis, TN

US Probation Office
Memphis, TN

Honorable Jon McCalla
US DISTRICT COURT